```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | |
|---|---|
| JIMMY L. SIMINGTON, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00008-JB-B |
| | * |
| THE CITY OF UNIONTOWN, | * |
| ALABAMA, *et al.*, | * |
| | * |
|     Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review. Plaintiff Jimmy L. Simington paid the filing fee for a civil action and submitted a document in letter format that the Court construed as a *pro se* complaint. (Docs. 1, 2). In his complaint, Simington indicated that he was bringing an unspecified "claim" against the United States of America, the State of Alabama, Perry County, Alabama, and the City of Uniontown, Alabama, for "allowing" the operation of a "cotton gin house" on his family's property in Uniontown, Alabama. (See Doc. 2 at 1).

In an order dated April 5, 2023, the Court found that Simington's complaint was deficient because it did not state a valid basis for federal subject matter jurisdiction and failed to satisfy basic pleading standards. (Doc. 3 at 1, 4-5, 9-11). The Court also found that Simington's suit against the State of Alabama was barred by the Eleventh Amendment, and that sovereign immunity

1

barred his suit against the United States. (Id. at 5-8). The Court ordered Simington to file an amended complaint addressing and correcting the noted deficiencies by May 8, 2023. (Id. at 11). The undersigned warned Simington that failure to file a complying amended complaint within the ordered time would result in a recommendation that this action be dismissed. (Id. at 12-13). The Clerk was directed to send Simington a copy of this Court's Pro Se Litigant Handbook, and Simington was encouraged to carefully review and utilize the handbook in drafting his amended complaint. (Id. at 13).

To date, Simington has not filed an amended complaint as directed, despite being ordered to do so no later than May 8, 2023. Simington has not requested additional time to file an amended complaint, he has not indicated that he is unable to comply with the Court's order, and he has provided no explanation for his failure to timely comply with the Court's directives. Additionally, the docket reflects that the order and the Pro Se Litigant Handbook that were mailed to Simington on April 5, 2023, have not been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337

(11th Cir. 2005)).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Simington has made no apparent attempt to comply with the Court's order directing him to file an amended complaint by May 8, 2023, despite the Court's clear warning that his failure to timely file an amended complaint would subject this action to dismissal.  Nor has Simington explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Simington's lack of response suggests that he has lost interest in and abandoned the prosecution of this action.  In light of Simington's failure to prosecute this action and failure to obey

3

this Court's order by timely filing a complying amended complaint, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

4

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **May, 2023.**

　　　　　　　　　　　　　　　　　　　/s/ SONJA F. BIVINS　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**